IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Robert Bosch, GmbH, ) | CASE NO. 1:05 CV 2376 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| Interstate Diesel Service, Inc., ) | |
| ) | |
| Defendant. ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint, filed on August 22, 2006. (Docket #101.) Plaintiff seeks to amend its Complaint, for the second time, in order to "narrow and focus its claims . . . for patent infringement and inducement by identifying the specific claims of United States Patent No. 5,155,461" that it is asserting in this case. On August 25, 2006, Defendant filed its brief in opposition to Plaintiff's Motion. (Docket #104.) Defendant asserts that Plaintiff has moved for leave to amend its complaint twice, and both times shortly after Plaintiff filed a motion for summary judgment, in an effort to interrupt the Court's consideration of the merits of this case. (*Id.* at p. 2.) Defendant argues that, contrary to the assertions of Plaintiff that the proposed amendment narrows the claims presented, Plaintiff's proposed amendment "makes extensive changes to its factual allegations in addition to limiting its infringement allegations." (*Id.*)

Based upon a review of the proceedings in this case, this Court will not allow Plaintiff to file a second amended complaint at this time. Plaintiff states that it received pertinent

information on August 11, 2006, and seeks to limit the claims asserted based upon that information. (Docket #108, Plaintiff's Reply Brief, at p. 3.) However, the minutes of the August 15, 2006 status conference relate that Defendant voiced its intention to file a second Motion for Summary Judgment[1] and there was no mention that Plaintiff intended to amend the Complaint for a second time. Plaintiff's Motion for Leave to File a Second Amended Complaint was filed on August 22, 2006, seven days after the status conference, and three days after Defendant's Motion for Summary Judgment.

Plaintiff states that the purpose of the proposed amendment is to specify exactly which claims it is asserting, and would more than halve the number of patent claims in the case. If the proposed Second Amended Complaint merely limits the claims presented, as asserted by Plaintiff, then there is no valid reason why Plaintiff should not be required to respond to Defendant's Motion for Summary Judgment at this time. If summary judgment does not dispose of the case, or if the claims Plaintiff seeks to eliminate are not resolved, those claims can be addressed and/or dismissed by Plaintiff prior to Trial. Trial is set for January 3, 2007.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket #101) is hereby DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: September 28, 2006

---

[1] The Court granted Plaintiff's Motion for Leave to Filed a First Amended Complaint and therefore did not consider Defendant's first Motion for Summary Judgment.